UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jenkins C., | No. 20cv320 (PAM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| William Barr, U.S. Attorney General; Chad Wolf, Acting Secretary, Department of Homeland Security; Matthew Albence, Acting Director, Immigration and Customs Enforcement; Peter Berg, Director, St. Paul Field Office, Immigration and Customs Enforcement; Sheriff Jason Kamerud, Sheriff, Carver County; | |
| Respondents. | |

The above matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated May 4, 2020. The Government filed timely objections to the R&R (Docket No. 15) and Petitioner responded to those objections, urging the R&R's adoption (Docket No. 16).

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 14.)

The Government Respondents first argue that it is improper to impute factors applicable to detentions under 8 U.S.C. § 1226 to this case, which falls under § 1225. The Government notably does not suggest what factors might be appropriate to evaluate detentions under § 1225.

As the Government no doubt realizes, no Court in this District has adopted the argument it presses here.  The Government's argument is essentially that an alien detained under § 1225 can never complain about the length of his detention, whether it is the more than 27-month detention at issue here or one that lasts for decades.  The Constitution demands more.  While an alien detained under § 1225 might be entitled to less protection than aliens detained under other provisions of the immigration laws, "under the Due Process Clause, neither group of aliens can be detained indefinitely (at least without some kind of showing that they are likely to flee or harm the community)."  Jamal A. v. Whitaker, 358 F. Supp. 3d 853, 858 (D. Minn. 2019) (Schiltz, J.).  The R&R correctly used the factors developed to evaluate § 1226 detentions in the instant case.  See Muse v. Sessions, 409 F. Supp. 3d 707 (D. Minn. 2018) (Schiltz, J.) (setting forth six factors for courts to consider when weighing length of detention in immigration proceeding).

The Government next argues that the R&R's evaluation of these factors was erroneous.  The Government first takes issue with the R&R's discussion as to whether Petitioner is likely to flee or poses a danger to the community.  According to the Government, the R&R erred by considering this issue, which is one reserved for the Immigration Judge to make in an eventual detention hearing.  But the Court does not read the R&R as making any determination on whether Petitioner is likely to flee or poses a danger to the community.  This discussion merely illustrates the Magistrate Judge's conclusions regarding the first factor, and is at most, dicta.

The Government's arguments regarding the remaining factors are likewise without merit.  The R&R properly weighed the delays in proceedings caused by Petitioner's

2

requests for delays, and correctly noted that the Government had not argued, much less established, that any of Petitioner's arguments were frivolous. The Court will not penalize either Petitioner or the Government for making sound legal arguments in support of their positions. Moreover, the Government argues only that Petitioner's continuance requests "necessarily contributed to several additional months of detention." (Obj. (Docket No. 15) at 4.) But even discounting "several" months, Petitioner's now more than 27-month detention without a bond hearing is unconstitutionally long.

As the R&R found, the Muse factors weigh heavily in favor of Petitioner. The R&R also correctly determined that it is for the Immigration Judge, not this Court, to decide the burden of proof required for any bond hearing.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 14) is **ADOPTED**;
2. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket No. 1) is **GRANTED in part** and **DENIED in part**;
3. Because Petitioner's ongoing detention has become unreasonably prolonged in violation of his right to due process of law under the Fifth Amendment, the Petition is **GRANTED** to the following extent:
    a. Within 21 days of this Order an immigration judge is required to provide Petitioner with a bond hearing;
    b. At the bond hearing, the immigration judge is required to make an individualized determination regarding whether detention is

       necessary to protect the community or to prevent Petitioner from fleeing; and

4. The Petition is **DENIED** in all other respects.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  May 20, 2020

                                           *s/ Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge